20-1165-cv
*Warr v. Liberatore*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of March, two thousand twenty-one.

PRESENT:
> BARRINGTON D. PARKER,
> GERARD E. LYNCH,
> JOSEPH F. BIANCO,
> *Circuit Judges*.

―――――――――――――――――――――――――――

Benny T. Warr, Nina M. Warr,

> *Plaintiffs-Appellants*,

> v.                                                            20-1165-cv

Anthony R. Liberatore, Joseph M. Ferrigno, II,
Mitchell R. Stewart, II, James M. Sheppard,
City of Rochester,

> *Defendants-Appellees*.[1]

―――――――――――――――――――――――――――

FOR PLAINTIFFS-APPELLANTS:      CHARLES F. BURKWIT, Burkwit Law Firm, PLLC, Rochester, NY.

FOR DEFENDANTS-APPELLEES:      SPENCER L. ASH, *for* Timothy R. Curtin, Corporation Counsel of the City of Rochester, Rochester, NY.

―――――――――――――――――――――――

[1] The Clerk of Court is respectfully directed to amend the caption as above.

Appeal from judgments of the United States District Court for the Western District of New York (Payson, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of the district court are **AFFIRMED**.

Plaintiffs-Appellants Benny T. Warr ("Warr") and Nina M. Warr appeal from an amended order of the district court entered on March 30, 2020, denying their motion to set aside the verdict and for a new trial under Federal Rule of Civil Procedure 59, the judgment entered on February 6, 2019 (with respect to Defendants-Appellees Joseph M. Ferrigno, II, Mitchell R. Stewart, II, and the City of Rochester),[2] and the judgment entered on April 16, 2020 (with respect to Defendant-Appellee Anthony R. Liberatore).  Plaintiffs brought various claims against defendants under 42 U.S.C. § 1983 and New York State law for injuries Warr alleges he suffered as a result of his arrest for disorderly conduct, including claims for false arrest, excessive force, assault, and battery. Following an eleven-day jury trial conducted before Magistrate Judge Marian W. Payson, the jury found liability only as to one defendant, Liberatore, for excessive force in violation of the Fourth Amendment.  The jury awarded plaintiffs one dollar in nominal damages, zero dollars in compensatory damages, and zero dollars in punitive damages.

Plaintiffs argue on appeal that the district court abused its discretion when it denied their motion to set aside the verdict and grant a new trial in three respects.  First, plaintiffs argue that the district court abused its discretion in admitting evidence at trial of the officers' knowledge of

---

[2] Plaintiffs' brief makes no argument challenging the February 6, 2019 judgment, and their counsel at oral argument explicitly acknowledged that they seek relief only against Liberatore.  Accordingly, we treat their claims against the other defendants as abandoned.

criminal activity on Jefferson Avenue as that evidence was not relevant to Warr's arrest and its probative value was substantially outweighed by its prejudicial effect. Second, plaintiffs contend that the district court abused its discretion when it ruled that the trial misconduct of defendants' counsel, Spencer L. Ash, did not warrant a new trial. Finally, plaintiffs assert that the district court abused its discretion in determining that the jury's verdict regarding punitive damages was not inconsistent. With respect to the requested relief, plaintiffs do not seek a new trial on liability as to any of the claims, but rather seek the following, more limited, relief (which was also sought below): (1) a new trial as to the amount of compensatory and punitive damages on the excessive force claim against Liberatore (as to which the jury found liability); (2) disqualification of defendants' counsel from any retrial; and (3) an award to plaintiffs of the costs of any retrial. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, which we reference only as necessary to explain our decision to affirm.

We review the district court's evidentiary rulings for abuse of discretion and will reverse only if a ruling was arbitrary and irrational. *United States v. Abu-Jihaad*, 630 F.3d 102, 131 (2d Cir. 2010). In addition, "[t]he standard that we apply in reviewing a party's claim that errors of the district court entitle [him] to a new trial depends on whether that party objected contemporaneously to the purported errors." *Marcic v. Reinauer Transp. Cos.*, 397 F.3d 120, 124 (2d Cir. 2005). Where claimed error was contemporaneously objected to, "a party is entitled to a new trial if the district court committed errors that were a clear abuse of discretion that were clearly prejudicial to the outcome of the trial, where prejudice is measured by assessing the error in light of the record as a whole." *Marshall v. Randall*, 719 F.3d 113, 116 (2d Cir. 2013) (internal quotation marks omitted). "A district court abuses its discretion if it bases its ruling on an

3

erroneous view of the law or on a clearly erroneous assessment of the evidence." *Id.* (alteration and internal quotation marks omitted).

## I.        The Evidentiary Ruling

Federal Rules of Evidence 401 and 402, respectively, provide that only relevant evidence is admissible at trial and "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."   Plaintiffs argue that the district court abused its discretion in admitting evidence of the arresting officers' knowledge of criminal activity on Jefferson Avenue because that evidence was not relevant to whether there was probable cause for Warr's arrest.   The district court concluded that the evidence was "relevant to the determination whether probable cause supported Warr's arrest for disorderly conduct, as well as to explain the officers' conduct on patrol in the neighborhood."   Special App'x at 37–38.   We find no abuse of discretion in the district court's decision.

Plaintiffs first contend that the arresting officers' knowledge of criminal activity on Jefferson Avenue was improperly admitted into evidence because, as a matter of law, what an arresting officer knows is irrelevant to probable cause.   Plaintiffs, however, misconstrue the legal standard for probable cause.   To be sure, it is well settled that an officer's subjective motivation for an arrest is irrelevant to the probable cause determination.  *See Arkansas v. Sullivan*, 532 U.S. 769, 771–72 (2001).   However, "[t]he probable cause inquiry is based upon whether the facts known by the arresting officer at the time of the arrest objectively provided probable cause to arrest."  *Torraco v. Port Auth. of N.Y. & N.J.*, 615 F.3d 129, 139 (2d Cir. 2010) (alteration and internal quotation marks omitted).   Therefore, although probable cause is an objective standard,

this objective inquiry must look at the facts an arresting officer knew at the time of arrest. *See Devenpeck v. Alford*, 543 U.S. 146, 153 (2004) ("[A]n arresting officer's state of mind (*except for facts that he knows*) is irrelevant to the existence of probable cause." (emphasis added)).

Applying that standard here, the arresting officers' knowledge of criminal activity on Jefferson Avenue was relevant to the charge of disorderly conduct. Warr was arrested for, among other things, refusing to comply with an arresting officer's lawful dispersal order. *See* N.Y. Penal Law § 240.20(6) ("A person is guilty of disorderly conduct when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof . . . [h]e congregates with other persons in a public place and refuses to comply with a lawful order of the police to disperse."). Under New York law, a failure to comply with a dispersal order is justified "only where the circumstances show conclusively that the police officer's direction was purely arbitrary and was not calculated in any way to promote the public order." *People v. Galpern*, 259 N.Y. 279, 284–85 (1932). Thus, if an officer's knowledge of criminal activity in an area was one of the reasons that caused the officer to issue the dispersal order, then such knowledge would be probative on the issue of whether the officer's dispersal order was arbitrary.

Moreover, we are unpersuaded by plaintiffs' contention that the probative value of this evidence was substantially outweighed by its prejudicial effect. More specifically, plaintiffs argue that evidence of criminal activity on Jefferson Avenue should have been excluded at trial because it confused or misled the jury and "invited the jury to judge . . . Warr by the reputation of his neighborhood." Appellant's Br. at 36–37; *see also* Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly

5

presenting cumulative evidence."). In other words, plaintiffs argue that they were prejudiced in that the jury declined to award them compensatory and punitive damages because the jury drew unfair conclusions about Warr based on the reputation of the neighborhood. The district court offered to address that concern of potential prejudice by instructing the jury regarding the limited purpose for which this evidence was admitted and could be considered. Plaintiffs' counsel, however, declined such an instruction. In any event, the district court was well within its discretion in determining that the Rule 403 balancing did not support the exclusion of this evidence. Accordingly, we conclude that the admission of this evidence does not warrant a new trial on damages.

## II.     **Attorney Trial Misconduct**

Plaintiffs also argue that the district court abused its discretion in concluding that Ash's misconduct did not warrant a new trial and limiting the relief to monetary sanctions. *See Pappas v. Middle Earth Condo. Ass'n*, 963 F.2d 534, 540 (2d Cir. 1992) ("[W]hen the conduct of counsel in argument causes prejudice to the opposing party and unfairly influences a jury's verdict, a new trial should be granted."). We conclude that the district court did not abuse its discretion in finding that none of the instances of Ash's misconduct, either independently or in combination, unfairly influenced the jury's verdict.

The district court described counsel's misconduct as follows:

> Having presided over the eleven-day trial, including intervening where appropriate to manage the proceedings, admonish counsel, and deliver curative instructions, I have little trouble concluding—and indeed the transcript demonstrates—that Ash engaged in conduct that violated my *in limine* orders and resorted to rhetoric and argument that was inflammatory and inappropriate.

Special App'x at 36. With respect to the motion for a new trial, the district court correctly

6

articulated the focus of the analysis—namely, "whether that misconduct, judged in the context of the trial as a whole, unduly prejudiced plaintiffs so as to deprive them of a fair trial." *Id*. at 31. Having carefully reviewed the thorough and comprehensive reasoning of the district court, we find no basis to disturb its conclusion that the misconduct did not deprive plaintiffs of a fair trial.

First, "[g]reat discretion is to be given the judge who was present throughout the trial and is best able to determine the effect of the conduct of counsel on the jury." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1289 (2d Cir. 1990). For instance, Ash twice improperly published to the jury an unredacted exhibit that referenced Warr's prior incarcerations. Both times, plaintiffs objected, and the district court immediately had the exhibit removed from the jury's view. The district court noted that the improper reference was in small print on a side column of the exhibit, and that it was unlikely that the jury even saw it. The trial judge, who was present for these events, was in the best position to assess the likelihood of any prejudice.

Second, although any impermissible reference to prior imprisonment raises an obvious danger of unfair prejudice, the extent of any prejudice must be considered in the context of the evidence as a whole. For example, when Ash improperly referred to Warr's previous incarceration while questioning two of plaintiffs' witnesses, plaintiffs objected. The district court instructed the jury to disregard the questions, the witnesses did not answer the questions, and the district court offered to give the jury limiting instructions (which plaintiffs' counsel declined). Moreover, pursuant to rulings of the district court that are unchallenged on appeal, the jury heard admissible evidence about Warr's criminal history, including that Warr had been convicted of a felony for driving with a suspended license, and had been arrested four or five times. In light of the admissible evidence regarding his criminal history, we find no error in the district court's

finding that Ash's brief and stricken questions referencing Warr's past incarceration had minimal potential influence on the jury's verdict.

Third, some of counsel's other violations of the district court's rulings, though blatant, had no discernible risk of prejudicial effect on the verdict. For example, Ash showed portions of a video showing Warr's presence at Jefferson Avenue earlier in the day of the incident, prior to the arresting officers' arrival. Upon plaintiffs' objection, the district court instructed the jury to disregard the footage, and although the district court invited plaintiffs' counsel to request additional curative instructions to the jury, plaintiffs' counsel did not make that request. Plaintiffs do not contend that the inadmissible portions of the video showed Warr doing anything wrong or illegal, and plaintiffs have failed to articulate how this misconduct, although a sanctionable breach of the court's rulings, could have influenced the jury's verdict.

Fourth, it is clear from the record that the district court carefully and systematically evaluated the risk of prejudice from Ash's conduct and statements, sustained objections, gave limiting instructions where appropriate, and liberally offered curative instructions to mitigate any potential prejudice from Ash's misconduct (some of which plaintiffs' counsel declined). In fact, in several instances, the district court gave curative instructions to the jury *sua sponte*, even absent an objection, in an abundance of caution. Thus, there is a substantial basis in the record to support the district court's conclusion that its response to Ash's misconduct during the trial minimized any risk that such misconduct would deprive plaintiffs of a fair trial.

Finally, it is difficult to discern how any of counsel's misconduct influenced the only component of the jury's verdict that plaintiffs challenge on appeal—namely, the level of compensatory and punitive damages awarded to Warr on his excessive force claim. In other

8

words, none of the misconduct at issue appears to have related specifically to the evidence regarding damages, and plaintiffs make no argument that it did. Instead, plaintiffs speculate that the same jury whose verdict was not influenced by Ash's misconduct in finding in plaintiff's favor on the excessive force claim somehow was negatively influenced by this misconduct in deciding to award Warr only nominal damages. The verdict was well supported by the weakness of the evidence that Warr suffered from any acute injuries following his arrest.[3] Moreover, there was little foundation in the record for the jury to conclude that *Liberatore's* alleged use of force caused any of Warr's claimed injuries, particularly in light of the significant force used by other officers involved in the arrest (as to whom the jury found no liability for excessive force). In short, the evidentiary record fully supports the jury's damages verdict irrespective of Ash's misconduct, which further militates in favor of a finding that Ash's misconduct did not unduly influence the jury's verdict. *See Marcic*, 397 F.3d at 124–28 (declining to award a new trial where there was substantial evidence in the record to support the jury's verdict).

Accordingly, we conclude that the district court did not abuse its discretion in determining that Ash's misconduct did not warrant a new trial.

### III.    The Jury's Punitive Damages Award

As noted above, the jury found liability only as to Liberatore for excessive force. The jury also found that Liberatore was liable to Warr for punitive damages for his use of excessive force but determined that the appropriate amount of those damages was zero dollars. Plaintiffs argue

---

[3] As noted by the district court, the evidence supporting Warr's claim of acute injuries was based on the testimony of plaintiffs' expert witnesses whose findings were based almost entirely on Warr's own subjective reports of his symptoms. Warr also could not explain during his testimony why there was no photograph corroborating his alleged injuries.

that a new trial is warranted on the quantum of damages because the jury's punitive damages award of zero dollars is inconsistent with its finding that Liberatore was liable for punitive damages. The district court, in denying plaintiffs' request for a new trial, found no inconsistency in the jury's verdict with respect to punitive damages and reasoned that the jury's verdict was consistent with its instruction at trial.

To the extent that there is an apparent inconsistency arising from the jury's simultaneous findings that plaintiffs were entitled to punitive damages but only in the amount of zero dollars, we believe there is a fair reading of the findings that can be harmonized in light of the trial evidence and jury instructions. *Cf. Auwood v. Harry Brandt Booking Office, Inc.*, 850 F.2d 884, 891 (2d Cir. 1988) ("It is the duty of the court to attempt to harmonize the [special verdict] answers, if it is possible under a fair reading of them." (internal quotation marks omitted)).

Pursuant to the district court's instructions, the jury found that Liberatore could be liable for punitive damages by having maliciously or wantonly used excessive force against Warr. *See* Record on Appeal ("ROA"), doc. 197 at 1496 (instructing the jury as follows: "You may award the plaintiff punitive damages if you find that the acts or omissions of any of the defendants were done maliciously or wantonly"). The jury instructions, however, also explicitly advised the jury that an award of punitive damages was discretionary, and in effect, did not require the jury to award any amount of punitive damages. Further, the district court correctly instructed the jury that it could consider several factors in exercising that discretion. *See* ROA, doc. 197 at 1497–98 (instructing the jury that the appropriate amount of punitive damages should consider the degree to which a defendant should be punished for his wrongful conduct and the degree to which an award would serve a general or specific deterrent effect).

Thus, the jury could have found that Liberatore acted wantonly or maliciously in using excessive force but, under the particular circumstances of this case, that the finding of liability against Liberatore itself was sufficient punishment and deterrence. Moreover, viewing the verdict sheet as a whole, we find nothing in the general verdict or answers to special interrogatories that is inconsistent with the award amount or that would belie the jury's clear written indication that it meant to award plaintiffs zero dollars in punitive damages. Accordingly, we conclude that the district court did not abuse its discretion in denying a new trial on damages based upon an inconsistency in the jury's punitive damages award.

*    *    *

We have considered all of plaintiffs' remaining arguments and find them to be without merit. For the foregoing reasons, the judgments of the district court are **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court